ALEXANDRIA GRAVEL CO., INC., PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket No. 73687. Promulgated January 21, 1937.

*Ed. J. de Verges, Esq.,* and *Sol Weil, C. P. A.,* for the petitioner.
*E. A. Tonjes, Esq.,* for the respondent.

OPINION.

TYSON: This proceeding involves income tax deficiencies in the $643.51 and $791.37 for fiscal years ended May 31, 1931

and 1932, respectively, asserted by respondent upon his determination that petitioner is not entitled to deductions of $5,362.71 and $6,216.56 for those years, respectively, claimed by petitioner as commissions paid on sales of sand and gravel. Petitioner assigns error in such determination.

Petitioner is a Louisiana corporation and was engaged in the production and sale of sand and gravel during the years here in controversy.

At some time in 1930 J. Hugo Dore, an attorney and, during the taxable years, a Louisiana State senator, requested employment as petitioner's sales representative on a commission basis. J. C. Raxsdale, petitioner's president, had been acquainted with Dore for several years and he knew at the time that Dore was "friendly with the administration", had "good personal contacts", and was "a good mixer." By oral agreement, Raxsdale employed Dore as petitioner's sales representative on the customary basis of a flat 10 percent commission on gross sales of sand and gravel made by him, such commission to become due and payable upon petitioner's receipt of payment for the sand and gravel delivered on Dore's orders. Dore was so employed during the two years here in controversy. Once a week he called at the offices of the Louisiana State Highway Commission at Baton Rouge, was very active in procuring orders from that commission for sand and gravel from petitioner, and, if payments due therefor to petitioner were slow, he would visit the state auditor's office and ask, as a special favor, that payments in warrants be made promptly. The Louisiana State Highway Commission called for competitive bids on a monthly basis on sand and gravel to be used for maintenance of roads, and also for bids on sand and gravel to be used on particular projects, and petitioner submitted its bids through Dore, who could not change or vary the price fixed by the home office without special authority to do so. The contracts were awarded "to a great extent" to the lowest bidder. It was under these bids that the sales to the Louisiana State Highway Commission involved herein were made.

Approximately three or four months after petitioner employed Dore as sales representative it also employed O. H. Nugent as a sales representative on the customary flat 10 percent commission on sales made by him. Subsequently, Dore and Nugent formed a firm, by that name, which also represented petitioner in making sales of sand and gravel on the same customary flat 10 percent commission basis, and the sales made by said firm to the Louisiana State Highway Commission involved herein were made through the same means and methods as above set out with regard to sales made to that Commission by Dore individually. Petitioner's president, Raxsdale, had

known Nugent for several years prior to 1930. Nugent was a sawyer by trade, but the lumber company which had employed him had closed down due to the depression.

Dore and Nugent, each individually, and the firm of Dore & Nugent, were petitioner's only salesmen who sold sand and gravel to the Louisiana State Highway Commission during the two years here in question, although during that period petitioner had other salesmen in its employ, who were paid either the customary 10 percent commission or a salary plus expenses. Dore and Nugent, in their individual capacities, and Dore & Nugent, as a firm, also made sales of sand and gravel on behalf of petitioner to certain contractors, but the amounts thereof are not shown.

During the years in question the petitioner made the following payments as commissions on sales of sand and gravel made on its behalf by the designated persons:

| Year ended May 31, 1931 | | Year ended May 31, 1932 | |
| --- | --- | --- | --- |
| J. Hugo Dore | $4,284.53 | J. Hugo Dore | $962.43 |
| O. H. Nugent | 924.80 | O. H. Nugent | 2,293.27 |
| Dore & Nugent (jointly) | 153.38 | Dore & Nugent | 2,960.86 |
| Total | $5,362.71 | Total | $6,216.56 |

The above payments were made partly in cash and partly in warrants issued by the Louisiana State Highway Commission. The warrants were received by petitioner at par in payment of obligations due it from the highway commission and from contractors, and were used by petitioner at par in making such payments.

In its income tax returns for the years in question petitioner reported all of its gross sales and claimed as deductions the payments above set out and here in controversy as ordinary and necessary expenses of doing business. Respondent disallowed the claimed deductions for both years, based upon his determination that such amounts paid as commissions on sales of sand and gravel to various contractors in connection with contracts from the Louisiana State Highway Commission did not constitute ordinary and necessary expenses of doing business.

Upon this record it is evident, and we so conclude, that the agreement under which State Senator Dore was employed as petitioner's sales representative and was paid a large portion of the above mentioned commissions on sales made by him in his individual capacity to the Louisiana State Highway Commission and also the agreement under which the firm of Dore & Nugent, of which Dore was a member, was likewise employed and likewise received a large portion of its commissions from sales made by it to the highway

commission, were entered into for the purpose of utilizing, in the making of such sales, the *personal influence* Dore had by reason of his personal contacts and his being "friendly" with the state administration. Was such agreement between petitioner and State Senator Dore void and unenforceable as contrary to public policy, as urged by respondent?

In the recent case of *Easton Tractor & Equipment Co.*, 35 B. T. A. 189, we considered the question of the validity of an agreement made with an agent for the purpose of enlisting the exercise of the *personal influence* of the agent in the procurement of contracts from a governmental department and found that the overwhelming weight of authority holds such an agreement to be void as against public policy.

In this proceeding the facts further disclose that Dore was a member of the Louisiana State Legislature during the two years in controversy, and as such he was an officer of the State of Louisiana. (See 22 R. C. L. 395, par. 31; also 46 C. J. 924, par. 3, and the authorities there cited.) Of the cases cited in the above mentioned decision of this Board, that of *Oscanyan* v. *Arms Co.*, 103 U. S. 261, wherein it was said that the turpitude of such an agreement becomes more glaring when the agent employed is also an officer of the government from which the contract is procured, is particularly applicable here. Also, cf. *Crocker* v. *United States*, 240 U. S. 74.

In accordance with the principles established in the cited authorities, we conclude that the commissions paid during the two years in question to Dore in his individual capacity and to the firm of Dore & Nugent on sales made to the Louisiana State Highway Commission were paid under agreements which, in so far as these sales were concerned, were void and unenforceable as against public policy and did not constitute ordinary and necessary business expenses within the meaning of section 23 (a) of the Revenue Acts of 1928 and 1932. *Easton Tractor & Equipment Co., supra.*

With regard to the deduction of commissions on the sales made to contractors, as distinguished from those made to the Louisiana State Highway Commission, the testimony shows that petitioner kept books containing a record of all these transactions and it was therefore within petitioner's power to have shown the amounts of commissions paid to Dore, individually, and to the firm of Dore & Nugent, for the sales made by them to the contractors. Had this been done the deduction of such commissions would be allowed, but it was not done, nor were the amounts of such commissions otherwise shown. It follows that there is a failure of proof as to both what amounts of commissions were paid to Dore in his individual capacity and to Dore & Nugent, as a firm, on sales made by each respectively to the

contractors, and we consequently affirm the respondent's disallowance of the entire amount of the commissions paid to Dore, individually, and to the firm of Dore & Nugent, during both of the years in controversy.

As to the employment of Nugent in his individual capacity, the record merely discloses that he was employed by petitioner in both of the years in question as its sales representative and that he, individually, was paid commissions on sales made by him under such employment both to the Louisiana State Highway Commission and to certain contractors. In our opinion petitioner has overcome the prima facie correctness of the respondent's determination as to such commissions and we, therefore, conclude that the commissions paid to Nugent, individually, in the amounts of $924.80 and $2,293.27, in the fiscal years ended May 31, 1931, and 1932, respectively, constituted legitimate expenses incurred as compensation for services rendered and as such are deductible as ordinary and necessary business expenses.

Reviewed by the Board.

*Decision will be entered under Rule 50.*

SMITH, MORRIS, and ARUNDELL dissent.